787 F.2d 943
 40 Fair Empl.Prac.Cas. 793,
39 Empl. Prac. Dec. P 36,082, 54 USLW 2559
 Patricia A. DIXON, Appellant,
v.
WESTINGHOUSE ELECTRIC CORPORATION, Appellee.
and
Equal Employment Opportunity Commission, Amicus Curiae,/A
and
Equal Employment Advisory Council, Amicus Curiae,/E.
 No. 85-2033.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 4, 1986.
Decided April 10, 1986.
 
 Mark E. Herman, Baltimore, Md., for appellant.
 Leonard E. Cohen (Monte Fried, Mark Santangelo, Frank, Bernstein, Conaway & Goldman, Baltimore, Md., on brief), for appellee.
 Peggy R. Mastroianni, Equal Employment Opportunity Com'n (Johnny J. Butler, Acting Gen. Counsel, Gwendolyn Young Reams, Acting Associate Gen. Counsel, Susan Buckingham Reilly, Asst. Gen. Counsel, Robert E. Williams, Douglas S. McDowell, William S. Franklin, McGuiness & Williams, Washington, D.C., on brief), for amicus curiae.
 Before WIDENER and HALL, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 K.K. HALL, Circuit Judge:
 
 
 1
 Patricia A. Dixon appeals from the district court's order granting summary judgment to her employer, Westinghouse Electric Corporation ("Westinghouse"), in her action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. We affirm.
 
 I.
 
 2
 Dixon was employed by Westinghouse in its engineering and drafting department for more than ten years. On December 18, 1981, she received a mailgram from her supervisor notifying her that she was terminated from her employment.
 
 
 3
 Thereafter, Dixon filed a grievance concerning her termination with the Salaried Employees Association ("SEA"), of which she was a member. SEA attempted to resolve the dispute concerning Dixon's termination through its collective bargaining agreement's grievance and arbitration procedures. The matter was grieved at a third step meeting under the local grievance procedure on March 15, 1982, and Westinghouse denied the grievance in writing. The grievance was not advanced to the next step of the grievance procedurethe national appeal level. Thus, under the collective bargaining agreement, Westinghouse's written denial of the grievance was final and the matter was closed. Subsequently, on August 4, 1982, 230 days after her termination, Dixon filed a charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC").
 
 
 4
 In accordance with the Worksharing Agreement between EEOC and the Maryland Commission on Human Relations ("MCHR"),[1] EEOC transmitted a Charge and Transmittal Form 212-A to MCHR on August 6, 1982. On August 11, 1982, MCHR returned the Form 212-A to EEOC after checking the box which indicated that it would not process the charge. By letter dated August 11, 1982, MCHR informed Dixon that, because EEOC could better process her charge, MCHR had terminated its proceedings.
 
 
 5
 On November 2, 1982, following discussions between SEA, Westinghouse, and EEOC representatives, Westinghouse offered to reinstate Dixon. She was reinstated to her position as of January 3, 1983, at a salary she would have received had she been continuously employed between December 18, 1981, and January 3, 1983.
 
 
 6
 EEOC made no finding on Dixon's charge of discrimination but issued her a right to sue letter on June 16, 1983. Dixon then filed this action, alleging that Westinghouse had discriminated against her on the basis of her sex, in violation of Title VII, and that the alleged conduct of Westinghouse constituted an intentional infliction of emotional distress, in violation of Maryland law. Westinghouse filed a motion for summary judgment and a supplemental motion for summary judgment.
 
 
 7
 The district court granted both Westinghouse's motion for summary judgment and its supplemental motion for summary judgment, 615 F.Supp. 538, and dismissed the complaint. In doing so, the court held that Dixon's EEOC charge was untimely because she did not file it within 180 days of the alleged discrimination, as required under section 706(e) of Title VII, 42 U.S.C. Sec. 2000e-5(e). The district court found that Dixon was not entitled to the extended 300-day charge-filing period provided in section 706(e), because she had not initially instituted proceedings with MCHR. The district court further held that under the terms of the Worksharing Agreement between MCHR and EEOC, MCHR had waived the right to initially process the charge and it was, therefore, not authorized to process the charge before EEOC had resolved the claim. In addition, the district court held that Dixon's state tort claim was barred for failure to exhaust the grievance-arbitration procedures provided in the collective bargaining agreement to which she was subject at the time of her termination.
 
 
 8
 This appeal followed.
 
 II.
 
 9
 Dixon's primary contention on appeal is that the district court erred in holding that her EEOC charge was barred for failure to file it within 180 days of her discharge. She further claims that the district court erred in determining that her state tort claim was barred for failure to exhaust the grievance-arbitration procedures. In addition, Dixon alleges that the district court erred in concluding that Westinghouse did not waive any challenge to EEOC's jurisdiction by failing to first raise the issue with EEOC. Finally, she argues that, even if her EEOC charge was untimely filed, Westinghouse is equitably estopped from asserting the late filing as a defense. We reject all of appellant's contentions as meritless.
 
 
 10
 With respect to her allegation that the district court erred in holding that her EEOC charge was barred because it was not filed within 180 days of her discharge, Dixon maintains that the sending of the Charge and Transmittal Form 212-A to MCHR constituted a referral of the charge to the state agency within the meaning of section 706(e). She contends that MCHR processed the charge and, as evidenced by its notation on the Form 212-A, elected not to proceed on it. Appellant argues that because the charge was referred to the state agency, the extended 300-day time limit for filing provided for in section 706(e), and not the 180-day limit, applied here. She asserts that the fact that EEOC did not refer the charge to MCHR within the state's statute of limitations did not make the filing of the charge untimely.[2] Dixon relies upon an EEOC regulation which states that "[c]harges arising in jurisdictions having a 706 agency but which charges are apparently untimely under the applicable state ... statute of limitations ... are timely filed if received by the Commission within 300 days from the date of the alleged violation." 29 C.F.R. Sec. 1601.13(a).
 
 
 11
 We are unconvinced by appellant's arguments. Section 706(e) provides, in pertinent part, the following:
 
 
 12
 A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred ..., except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice ..., such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred.
 
 
 13
 42 U.S.C. Sec. 2000e-5(e) (emphasis added). The plain and unambiguous meaning of section 706(e) is that a Title VII charge is timely only if filed with EEOC within 180 days of the alleged discriminatory act. The only exception is when there is a state or local deferral agency and the charging party has initially instituted proceedings before that deferral agency. In such a situation, the charge is deferred to that agency for "only one reason"--to give the state the opportunity to act and to "avoid federal intervention unless its need was demonstrated." Mohasco Corp. v. Silver, 447 U.S. 807, 821, 100 S.Ct. 2486, 2495, 65 L.Ed.2d 532 (1980) (footnote omitted). When such proceedings have been instituted in a deferral state, a charge may be filed with EEOC until the 300th day, but not before the state agency has been given 60 days to consider the charge, unless state proceedings have terminated earlier. 42 U.S.C. Sec. 2000e-5(c).
 
 
 14
 EEOC's promulgation of 29 C.F.R. Sec. 1601.13(a), providing plaintiffs in deferral states 300 days in which to file charges with EEOC even if their state charges are untimely, cannot do away with the statutory requirement that a charge must be initially instituted with the state agency in order for the 300-day filing period of section 706(e) to apply. As noted by the Supreme Court in Mohasco, EEOC's " 'interpretation' of the statute cannot supersede the language chosen by Congress." 447 U.S. at 825, 100 S.Ct. at 2497 (footnote omitted). Section 706(e) expressly states that in order for the 300-day period for filing EEOC charges to apply, the plaintiff must have "initially instituted proceedings with a State or local agency with authority to grant or seek relief from such [unlawful employment] practice." 42 U.S.C. Sec. 2000e-5(e) (emphasis added). Such was not the situation here.
 
 
 15
 In the instant case, Dixon filed her EEOC charge 230 days after her termination. She filed no charge with MCHR, although EEOC did forward a copy of her charge to the state agency. Because under the Worksharing Agreement between MCHR and EEOC MCHR had waived its right to process initially charges filed originally with EEOC, as well as those filed more than six months after the alleged violation, it was never contemplated that MCHR would play a substantive role in processing the charge. Moreover, the rationale for affording complainants in deferral states extra time to file their EEOC claims is to allow them the opportunity first to pursue state remedies. This rationale is extremely lacking in this case, because the state had already waived its right to initially process appellant's claim.
 
 
 16
 We conclude that EEOC's transmittal of the charge to MCHR was for informational purposes only and did not constitute an "initially instituted" charge within the meaning of the statute. Dixon had not "initially instituted" proceedings with MCHR as required by Title VII and, consequently, she could not take advantage of the extended 300-day period for filing Title VII charges. See Doski v. M. Goldseker Co., 539 F.2d 1326, 1329-30 (4th Cir.1976). Accordingly, we hold that because appellant did not file her EEOC charge within 180 days of her termination, her action was barred.[3]
 
 III.
 
 17
 Upon consideration of the record, briefs, and oral argument, we reject appellant's remaining contentions as meritless for the reasons stated by the district court. Dixon v. Westinghouse Electric Corp., 615 F.Supp. 538 (D.Md.1985).
 
 IV.
 
 18
 On the basis of the foregoing, the judgment below is affirmed.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 It is EEOC's practice to enter into "worksharing" agreements with state anti-discrimination agencies in order to eliminate duplication of effort. See 29 C.F.R. Sec. 1601.13(c). These agreements assign each agency primary responsibility for investigating different categories of charges
 Under section 4.c. of the Worksharing Agreement between MCHR and EEOC, "[t]he EEOC will take primary responsibility for processing all charges originally received by EEOC." In addition, section 4.c.6. provides that the EEOC is to process all Title VII charges received by it "beyond six (6) months but before 300 days after the alleged violation." Section 4.d. states that the state agency "waives its exclusive rights to specific periods of initial processing" granted to it by Title VII for those charges which the Worksharing Agreement assigns for initial processing to EEOC.
 Section 5.d. of the Agreement provides for exceptions to the Worksharing provisions of section 4. Under section 5.d., where either MCHR or EEOC expresses interest in pursuing a charge which is the primary responsibility (under section 4) of the other agency, it can do so upon prompt notice to the other party.
 
 
 [2]
 It is not necessary for us to decide the state statute of limitations issue here. Regardless of whether Dixon was required to file her charge within the state's statute of limitations, the fact remains, as discussed infra, that Dixon did not initially institute an unlawful employment charge with MCHR
 
 
 [3]
 Because Dixon's EEOC charge was not filed until 230 days after her termination, we need not determine whether a filing with EEOC within 180 days and a referral by EEOC to the state agency would constitute a timely filing notwithstanding the fact that the state agency refuses to process the charge under the worksharing agreement because it was first filed with EEOC