**Lynn McKELVY, Plaintiff–Appellee, Cross–Appellant,**

v.

**METAL CONTAINER CORPORATION, a Delaware Corporation, Defendant–Appellant, Cross–Appellee.**

No. 87–3525.

United States Court of Appeals, Eleventh Circuit.

Sept. 7, 1988.

*Donald,* 699 F.2d at 53; *see Donovan v. Bierwirth,* 754 F.2d 1049, 1057 (2d Cir.1985).

Peter Reed Corbin, Corbin & Dickinson, John E. Duvall, Jacksonville, Fla., for defendant-appellant, cross-appellee.

James C. Rinaman, Jr., Marks, Gray, Conroy & Gibbs, Jacksonville, Fla., for plaintiff-appellee, cross-appellant.

Before ANDERSON and EDMONDSON, Circuit Judges, and ATKINS *, Senior District Judge.

ANDERSON, Circuit Judge:

The principal issue on this appeal involves the interpretation of the statute of limitations in the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 621 *et seq.* Because the district court properly found that the plaintiff's claim was not time-barred, we affirm as to that issue. However, because the district court used an improper interest rate in figuring the prejudgment interest, we vacate and remand as to that issue.[1]

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. We have carefully considered the other arguments raised by Metal Container in its appeal and the argument raised by McKelvy in his

## I. FACTS

Defendant Metal Container Corporation ("Metal Container") fired plaintiff Lynn McKelvy from his job as a shift superintendent at Metal Container's plant in Jacksonville, Florida on April 27, 1981. McKelvy was fifty-one years old at the time. Believing that he had been discriminated against because of his age, McKelvy sought to file a charge against Metal Container.

McKelvy first went to the Jacksonville Equal Opportunity Commission ("JEOC"), a local agency, on September 14, 1981, 140 days after his firing. The JEOC referred him to the Miami District Office of the Equal Employment Opportunity Commission ("EEOC"), a federal agency. He called the Miami office and was told that the appropriate forms would be mailed to him. When he received no forms, McKelvy returned to the JEOC office on October 27, 1981, 183 days after his firing.

During the October 27 visit, McKelvy filed his charge. The JEOC forwarded it to the Miami EEOC office which received it on October 30, 186 days after McKelvy's firing. The Miami EEOC office forwarded the charge to the Florida Commission on Human Relations ("FCHR") on December 30, 1981, and FCHR received it on January 6, 1982, 254 days after McKelvy's firing. Under the worksharing agreement between EEOC and FCHR, EEOC investigated the age discrimination charges which were initially filed with EEOC.[2]

McKelvy was not represented by counsel during any of the foregoing events. McKelvy eventually retained an attorney and filed suit. Prior to trial, Metal Container moved for summary judgment on statute of limitations grounds. The district court denied the motion in relevant part, and the case proceeded to trial.[3]

At trial, the jury found that age was a determining factor in McKelvy's firing. The court then awarded McKelvy back pay, reinstatement, prejudgment interest, attorneys' fees, and costs.[4] 674 F.Supp. 827. Metal Container then brought this appeal, and McKelvy cross-appealed.

## II. STATUTE OF LIMITATIONS ISSUE

To begin our inquiry, we set out the relevant portions of the statute. 29 U.S.C. § 626(d) reads in relevant part:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—

(1) Within 180 days after the alleged unlawful practice occurred; or

(2) In a case to which § 633(b) of this Title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier. . . .

29 U.S.C. § 633(b) reads:

In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this Title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: *provided,* That such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State law. If any requirement for the commencement of such proceedings is

---

cross-appeal. We find that they are without merit and warrant no discussion.

**2.** *See* footnote 8, *infra.*

**3.** The court did grant summary judgment as to McKelvy's pendent claim under the Florida Human Rights Act, Fla.Stat.Ann. § 760.01 *et seq.,*

on statute of limitations grounds. That claim is not at issue on appeal.

**4.** The parties had stipulated the amount of back pay that McKelvy would receive. The parties had also stipulated that the court would resolve all other remedy issues.

imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority.

(Emphasis in original).

■ Florida has an age discrimination law which establishes FCHR to investigate and act upon age discrimination charges. Fla.Stat.Ann. § 760.01 *et seq. See Thomas v. Florida Power & Light Co.*, 764 F.2d 768 (11th Cir.1985) (treating Florida as a deferral state under nearly identical provisions of Title VII). McKelvy's EEOC charge and his state charge were both filed within the 300–day limit.[5] Nonetheless, Metal Container contends that McKelvy's suit is barred by the statute of limitations for two reasons.

### A. Commencement of Proceedings

■ Metal Container's first argument is that McKelvy did not "commence" state proceedings as § 633(b) requires. We find that when FCHR received McKelvy's charge from EEOC, he had commenced state proceedings for purposes of § 633(b).

EEOC sent McKelvy's written and signed statement of the facts to FCHR by mail. It is undisputed that FCHR received the statement. The plain wording of the statute indicates that this suffices to commence state proceedings. The maximum that a state may require for commencement is "the filing of a written and signed statement of the facts upon which the proceeding is based...." 29 U.S.C. § 633(b).

■ The case law holds that it does not matter if EEOC, rather than the complainant, forwards the charge. *See Love v. Pullman Co.*, 404 U.S. 522, 526, 92 S.Ct. 616, 618, 30 L.Ed.2d 679 (1972) ("Nothing in [the identical language of Title VII] suggests that the state proceedings may not be initiated by the EEOC acting on behalf of the complainant rather than by the complainant himself...."); *EEOC v. Commercial Office Products Co.*, — U.S. —, 108 S.Ct. 1666, 1669, 100 L.Ed.2d 96 (1988) ("The EEOC's referral of a charge initially filed with the EEOC to the appropriate state or local agency properly institutes the agency's proceedings within the meaning of [Title VII]...."); See also Anderson v. Ilinois Tool Works, Inc.*, 753 F.2d 622, 624 n. 2 (7th Cir.1985) (applying the same logic in the ADEA context).[7]

---

**5.** The filing of the state charge need not be timely under state law in order to invoke the 300–day statute of limitations in deferral states. *EEOC v. Commercial Office Products Co.*, — U.S. —, 108 S.Ct. 1666, 1675–76, 100 L.Ed.2d 96 (1988); *Thomas v. Florida Power & Light Co.*, 764 F.2d 768 (11th Cir.1985). Although both *Commercial Office Products* and *Thomas* are Title VII cases, their logic is equally applicable in the ADEA context because of the near identity of the statutes. Indeed, *Commercial Office Products* relies heavily on *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), an ADEA case, reaffirming the usual parallel interpretation given the two statutes.

In addition, the state charge need not be filed within 180 days, regardless of its timeliness under state law, in order to invoke the 300–day statute of limitations in deferral states. *Mohasco Corp. v. Silver*, 447 U.S. 807, 816 n. 19, 100 S.Ct. 2486, 2492, 65 L.Ed.2d 532 n. 19 (1980). Again, *Mohasco* is a Title VII case, but its logic on this point has been widely applied in ADEA cases. *See, e.g., Anderson v. Illinois Tool Works, Inc.*, 753 F.2d 622 (7th Cir.1985); *Aronsen v. Crown Zellerbach*, 662 F.2d 584 (9th Cir.1981), *cert. denied*, 459 U.S. 1200, 103 S.Ct. 1183, 75

L.Ed.2d 431 (1983); *Davis v. Calgon Corp.*, 627 F.2d 674 (3d Cir.1980), *cert. denied*, 449 U.S. 1101, 101 S.Ct. 897, 66 L.Ed.2d 827 (1981).

**6.** We note the contrary holding in *Dixon v. Westinghouse Electric Corp.*, 787 F.2d 943 (4th Cir.1986), on the somewhat different language of the particular portion of Title VII (42 U.S.C. 2000e–5(e)) addressed by *Dixon*. We also note that the Supreme Court has vacated *Dixon* and remanded for reconsideration in light of *Commercial Office Products, supra. Dixon v. Westinghouse Electric Corp.*, — U.S. —, 108 S.Ct. 1990, 100 L.Ed.2d 222 (1988). In light of the Supreme Court precedent cited in text, and in light of the Supreme Court's vacation of *Dixon*, we decline to follow *Dixon's* rationale.

**7.** Metal Container might have argued that § 633(b) requires that a written and signed statement of facts be sent by *registered* mail to the state agency. The argument has no merit. The statutory language is clear that commencement of the state proceedings is accomplished by the *filing* of such a written and signed statement. This was satisfied in the instant case because FCHR received the statement on January 6, 1982.

## B.  Waiver of Jurisdiction

■ Metal Container's second argument is that Florida does not qualify for the 300–day limitations period in this case because FCHR waived jurisdiction in advance through its worksharing agreement with EEOC.[8] We reject this argument because of the language of the agreement and recent Supreme Court precedent.

■ The text of the agreement provides several indications that FCHR did not waive its jurisdiction.  First, the agreement was, by its own terms, drawn to meet the mandate of *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), that the state agency have some opportunity to consider every age discrimination charge.  Second, under the agreement, FCHR waived only its right to *inves-*

We also note that even if Metal Container's argument were valid and McKelvy had not yet commenced state proceedings, McKelvy could "commence" state proceedings on remand. *Oscar Mayer*, 441 U.S. at 764–65, 99 S.Ct. at 2075–76.

8. The text of the worksharing agreement read in relevant part:

The purpose of this Memorandum of Understanding is to establish interim procedures to protect charging parties' private action rights under Section 7(c) and Section 7(d) of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. Section 623 [sic] *et seq.*

Inasmuch as the Supreme Court of the United States in *Oscar Mayer & Co. v. Evans*, [441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609] — U.S. —, 19 FEP Cases 1167, 47 U.S.L.W. 4569 (May 21, 1979), has definitely ruled that persons seeking vindication of their rights under the ADEA must allow their state FEP agency an opportunity to resolve complaints under this Act prior to filing suit in federal court, the Miami District Office of the EEOC and the Florida Commission on Human Relations hereby adopt the following procedure to comport with the Supreme Court's decision with regard to the processing of age discrimination complaints:

1. *ADEA Charges Received by the EEOC*

The EEOC will refer copies of all ADEA charges received by either the Miami District Office or its Tampa Area Office to the FCHR for docketing.  However, all ADEA charges received by the EEOC and the FCHR will accordingly waive its Right to investigate such cases.  EEOC will advise the State agency of the results of its processing of each charge referred to the State by EEOC.

*tigate* claims filed with EEOC.  The agreement does not indicate waiver of any other rights, including the right to reopen proceedings and grant relief if EEOC's resolution is unsatisfactory.  Third, with respect to charges that EEOC initially investigates, the agreement requires that EEOC forward to FCHR a copy of the charge and also requires that EEOC advise FCHR of the results of EEOC action with respect to the charge.  If FCHR had completely waived jurisdiction, the forwarding of charges and results of EEOC action would be a wasted effort.  Finally, it appears that the general practice followed under worksharing agreements in the related Title VII context is for states to retain jurisdiction. *See Commercial Office Products*, — U.S. at — n. 6, 108 S.Ct. at 1674 n. 6 (1988).[9]

2. *ADEA Charges Received by the FCHR*

(A) All age discrimination charges received first by the FCHR which fall within the jurisdiction of the ADEA will be processed by the FCHR but the FCHR will immediately refer copies of all such charges to the EEOC.

(B) Upon receipt of such referrals, the EEOC will acknowledge receipt of the charge to the charging party and will also notify the respondent.  EEOC will indicate to both charging party and respondent that it will refrain from processing such charges pending receipt from the FCHR of the results of its action on the charge.  In order to implement this procedure the FCHR shall promptly advise the EEOC, with respect to each such charge, either of the results of its action or, if appropriate, that the FCHR plans to take no action....

Representatives of FCHR and EEOC signed this agreement on January 10, 1980, and it was to take effect immediately.  Although the agreement refers to interim procedures, the parties have not argued that the agreement was not in effect at the relevant times, and we assume that it was in effect.

9. That FCHR took no action on McKelvy's charge and that it apparently would not, as a matter of course, take any action on other EEOC-referred charges does not destroy the applicability of § 633(b).  To so hold would fly in the face of the requirement that a state charge must be filed even if the state statute of limitations has run. *Oscar Mayer*, 441 U.S. at 756–58, 99 S.Ct. at 2071–72. *Cf. Commercial Office Products*, — U.S. —, 108 S.Ct. 1666, 100 L.Ed. 2d 96 (considering a perfunctory referral under a similar worksharing agreement with no intimation that state agency's lack of action affected the case).

■ The Supreme Court's decision in *Commercial Office Products* further strengthens our conclusion. In that case, the Court considered a slightly different aspect of the numerous worksharing agreements between EEOC and state agencies. The precise question decided was whether a state deferral agency's notification to EEOC that it waived the mandatory 60–day deferral period under Title VII pursuant to a worksharing agreement was a "termination" of state proceedings which would allow the immediate filing of the EEOC charge.[10] The Court held that such a notification was a termination of state proceedings. Although *Commercial Office Products* does not explicitly answer the question presented here, it leaves little doubt as to what our result should be.

The worksharing agreement in *Commercial Office Products* closely resembled the present one in that the state agency waived the 60–day mandatory deferral period and presumably its right to investigate the claim initially, but it retained the right to review the EEOC's decision. Although there is no indication that the precise argument made by Metal Container was presented to the Supreme Court in *Commercial Office Products*, the holding in that case would necessarily have been different if Metal Container's argument were valid. As in this case, the charge was filed with EEOC after 180 days, but before 300 days. As here, there was a worksharing agreement with the state agency. As in this case, the only institution of state proceedings was accomplished when EEOC sent to the state agency a copy of the charge. If there were validity to Metal Container's argument that the worksharing agreement constitutes an advance waiver of all state jurisdiction so that the extended 300–day period does not apply, then the complainant in *Commercial Office Products* would not have been entitled to the 300–day limitations period, and the result in the case would have been different. We think that *Commercial Office Products* implicitly rejects Metal Container's argument.

Given the language of the agreement and the decision in *Commercial Office Products*, we find that the worksharing agreement between EEOC and FCHR did not affect the applicability of § 633(b) to this case. *Accord Edmunds v. Ryder/P\*I\*E Nationwide, Inc.,* 659 F.Supp. 341, 342–43 (S.D.Fla.1987); *Kaczor v. City of Buffalo,* 657 F.Supp. 441, 444–45 (W.D.N.Y.1987).[11] Accordingly, we hold that McKelvy's charge was timely filed.

### III. PREJUDGMENT INTEREST ISSUE

■ Metal Container challenges the district court's use of Florida's twelve percent rate for prejudgment interest. Fla.Stat. Ann. § 55.03. This court recently decided that the interest rate for prejudgment interest on back pay awards under Title VII depends on the IRS prime rates calculated in accordance with 28 U.S.C. § 1961. *EEOC v. Guardian Pools, Inc.,* 828 F.2d 1507 (11th Cir.1987).[12] We see no reason that the rate should differ under ADEA, and indeed the plaintiff has conceded that *Guardian Pools* controls. Thus, we vacate the district court's award of prejudgment interest and remand for the calculation and application of the appropriate interest rate.

---

**10.** In Title VII cases, the state agency has exclusive jurisdiction of a charge for the first sixty days after it is filed unless the state earlier terminates its proceedings. 42 U.S.C. § 2000e–5(c). When the charge is originally submitted to the EEOC, the EEOC often refers the charge to the state and holds it in abeyance. After the state acts, the EEOC automatically files the charge. *Love,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679.

Under ADEA, there is no mandatory period of exclusive state jurisdiction. Thus, either the state charge or the federal charge may be filed first, or they may be filed simultaneously.

**11.** We note that Metal Container's jurisdictional argument might find some support in *Dixon,* 787 F.2d 943. However, we have already noted *Dixon's* vacation. 108 S.Ct. 1990. *See* note 6, *supra.* In light of that vacation and the decision in *Commercial Office Products,* we decline to follow *Dixon's* rationale on this point as well.

**12.** We note that the district court did not have the benefit of the *Guardian Pools* decision at the time it entered judgment.

**454**

### IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed in part, vacated in part, and remanded.

AFFIRMED in part, VACATED in part, and REMANDED.