**Janice GRIFFIN, Plaintiff–Appellee,**

v.

**AIR PRODUCTS AND CHEMICALS,
INC., Defendant–Appellant.**

No. 88–3743.

United States Court of Appeals,
Eleventh Circuit.

Sept. 15, 1989.

Rehearing and Rehearing En Banc
Denied Oct. 20, 1989.

Ralph A. Peterson, Beggs & Lane, Pensacola, Fla., for defendant-appellant.

Paula G. Drummond, Pensacola, Fla., for plaintiff-appellee.

Before FAY and HATCHETT, Circuit Judges, and HOFFMAN *, Senior District Judge.

HATCHETT, Circuit Judge:

In this interlocutory appeal, we affirm the district court's denial of summary judgment because we find the district court's interpretation of a "worksharing agreement" between the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") not to be an abuse of discretion.

## I. FACTS

On May 18, 1983, Air Products and Chemicals, Inc. ("Air Products") fired Janice Griffin. On March 13, 1984, 300 days

---

* Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia,

later, Griffin brought charges against Air Products with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"). Griffin alleged that Air Products discriminated against her on the basis of handicap (a state claim) and sex (a state and federal claim).

The Miami Division of the EEOC and the FCHR maintained a "worksharing agreement" for overlapping charges. *See* 42 U.S.C.A. § 2000e–8(b) (West 1981) (authorizing such agreements). Under this agreement, the FCHR waived exclusive jurisdiction over charges filed more than 180 days after the last alleged act of discrimination. In Griffin's case, both agencies received charges 300 days after Air Products fired Griffin. On March 26, 1984, day 313, the EEOC referred the charges to the FCHR for sixty days. On May 29, 1984, day 377, the FCHR returned Griffin's charges to the EEOC, explaining that Griffin did not file a timely charge for purposes of the state agency.

After the FCHR referral, the EEOC subpoenaed Air Products's documents. Air Products refused to produce the documents to the EEOC, asserting that the EEOC lacked jurisdiction over Griffin's charges. The EEOC sought to enforce the subpoena in federal district court for the Northern District of Florida. The district court quashed the subpoena and held that Griffin did not file a timely charge under section 706(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–5(e) (West 1981) (deferral state claimant must file EEOC charge within 300 days of alleged unlawful employment practice or within 30 days of receiving notice that state or local agency terminated proceedings, whichever is earlier). The district court ruled that Griffin filed charges with the EEOC on day 373, sixty days after the EEOC's referral to the FCHR. *See* section 706(c) of Title VII, 42 U.S.C.A. § 2000e–5(c) (West 1981) (EEOC charge not filed until termination of state or local proceedings or sixty days

sitting by designation.

after commencement of such proceedings, whichever is earlier). The court rejected the EEOC's argument that the worksharing agreement effected an automatic termination of FCHR review (and therefore an EEOC filing) when the EEOC initially received Griffin's charges on day 300. *EEOC v. Air Products and Chemicals, Inc.*, 652 F.Supp. 113, 118–19 (N.D.Fla. 1986) (citing *Mohasco Corp. v. Silver*, 447 U.S. 807, 817–18, 100 S.Ct. 2486, 2492–93, 65 L.Ed.2d 532 (1980)). On June 24, 1987, the EEOC issued Griffin a right to sue letter. On September 27, 1987, Griffin filed this lawsuit against Air Products for sex discrimination in the district court.

## II. PROCEDURAL HISTORY

On October 19, 1987, Air Products moved for summary judgment, asserting that section 706(e)'s 300–day time limit barred Griffin's suit. On June 14, 1988, the district court denied Air Products's summary judgment motion. The district court held that the doctrine of collateral estoppel did not preclude Griffin from litigating the timeliness issue. The court explained that the EEOC, not Griffin, controlled the prior *Air Products* suit. *See In re Birmingham Reverse Discrimination Employment Litigation*, 833 F.2d 1492, 1497–98 (11th Cir. 1987) (prior consent decrees do not preclude subsequent independent Title VII suits), *aff'd sub nom. Martin v. Wilks*, — U.S. ——, 109 S.Ct. 2180, 104 L.Ed.2d 835 (1989). *See also Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1125 (7th Cir.1987) (individuals not bound by result of EEOC lawsuit). The district court also held, despite its earlier *Air Products* ruling, that Griffin filed a timely charge with the EEOC. The court interpreted the Supreme Court's decision in *Equal Employment Opportunity Commission v. Commercial Office Products Co.*, 486 U.S. 107, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988) as holding that a state agency's waiver of exclusive jurisdiction "terminates" state proceedings for purposes of dating an EEOC filing. The court concluded that Griffin "filed" with the EEOC on March 13, 1984, exactly 300 days after Air Products fired her. Finally, the court found that the EEOC's referral to the FCHR on day 313 constituted an administrative error. The court refused to allow this error to adversely affect Griffin's rights. *See White v. Dallas Independent School District*, 581 F.2d 556, 562 (5th Cir.1978) (EEOC error does not "rebound to [claimant's] detriment"). Air Products moved for reconsideration. The court refused to alter its denial of summary judgment. The court then certified its decision for interlocutory appeal. We granted permission for the appeal to proceed.

## III. CONTENTIONS OF THE PARTIES

Air Products contends that the district court abused its discretion in denying the summary judgment motion. Air Products asserts that the EEOC–FCHR worksharing agreement does not create a FCHR "constructive termination" when a plaintiff brings overlapping charges more than 180 days after the last alleged act of discrimination. Air Products also asserts that the provision of the worksharing agreement relied upon by the district court does not apply to Griffin's charges because Griffin alleged that Air Products engaged in continuing discrimination.

Griffin contends that the district court did not abuse its discretion in denying Air Products's summary judgment motion. Griffin asserts that the district court properly applied *Commercial Office Products* when it concluded that the worksharing agreement creates constructive termination by the FCHR when a plaintiff files overlapping charges more than 180 days after being fired.

## IV. ISSUE

Whether the district court abused its discretion by denying Air Products's motion for summary judgment and ruling that Griffin filed her EEOC claim within the 300–day limitations period provided by 42 U.S.C.A. § 2000e-5(e) (West 1981).

## V. DISCUSSION

We review the denial of Air Products's summary judgment motion only to

determine whether the district court abused its discretion. *Lohr v. State of Florida Dept. of Corrections*, 835 F.2d 1404, 1405 (11th Cir.1988). Air Products's burden to show that the district court abused its discretion is substantial. *See Ward v. Buehler*, 472 F.2d 1170, 1171 (5th Cir.1973) (reviewing denial of new trial motion); *Fulenwider v. Wheeler*, 262 F.2d 97, 99 (5th Cir.1958) (when ruling rests with trial court's discretion, appellate court should reverse only where a "grave and serious abuse of discretion" exists). *See also Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir.1976) (defining abuse of discretion as "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors").

■ We must answer only one question to resolve this appeal: whether the FCHR "terminated" its exclusive right to process Griffin's charges without actually notifying the EEOC. If not, Griffin's claim is untimely. If so, Griffin filed a timely EEOC claim.

We first note that no court has addressed the exact issue before us. Several cases are similar, yet distinguishable. For example, in *Equal Employment Opportunity Commission v. Commercial Office Products Co.*, 486 U.S. 107, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988), the Colorado Civil Rights Commission ("CCRD") *expressly* returned a disputed charge to the EEOC *before* day 300. The Supreme Court held that the CCRD "terminated" its review despite the fact that it retained potential jurisdiction under a worksharing agreement. The *Commercial Office Products* Court, however, did not confront a situation where a state commission failed to expressly communicate a referral before day 300. In *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), a claimant filed charges in a deferral state on day 291. The state commission did not act within sixty days and the Supreme Court held that the commission's review did not "terminate" until day 351. The *Mohasco* Court, however, did not interpret a works-haring agreement that contained a waiver of exclusive jurisdiction for overlapping claims. In *McKelvy v. Metal Container Corp.*, 854 F.2d 448 (11th Cir.1988), a panel of this court held that an EEOC–FCHR worksharing agreement did not operate as an advance waiver of all state agency jurisdiction in a case brought under the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621–34 (West 1985 & Supp.1989). The *McKelvy* court, however, did not confront Title VII, nor did it decide the issue of whether a worksharing agreement operates as a state agency "termination" for purposes of dating an EEOC filing. Finally, in *Urrutia v. Valero Energy Corp.*, 841 F.2d 123 (5th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 82, 102 L.Ed.2d 59 (1988), the court examined a worksharing agreement between the Texas Commission on Human Relations and the EEOC. The *Urrutia* court, however, interpreted a situation in which the EEOC referred a charge to the Texas Commission on day 217, *more than* sixty days before the 300–day deadline.

Because no case binds us, we decide the issue before us as a question of first impression. We conclude that the EEOC–FCHR worksharing agreement created an instantaneous "constructive termination" and that the district court did not abuse its discretion in finding that Griffin filed a timely EEOC claim. In holding that Griffin filed a timely claim, we rely on three factors: (1) an EEOC regulation; (2) public policy in employment discrimination cases as stated by the Supreme Court in *Commercial Office Products;* and (3) our reading of the FCHR–EEOC worksharing agreement.

1. *Regulation*

We first look to 29 C.F.R. § 1601.13(b)(1) (1987). As the district court noted, "sufficient ambiguity exists to warrant deference to the agency's construction of the word 'terminated' in section 706(c)." *Griffin v. Air Products*, No. PCA 87–30364–RV at 16–17 (N.D.Fla. July 28, 1988) (Order on Reconsideration) (quoting *Commercial Office Products*, 486 U.S. at ——, 108 S.Ct. at 1676, 100 L.Ed.2d at 113 (O'Connor, J.,

concurring)) (hereinafter "Reconsideration Order"). The regulation also helps us determine when Griffin's claim should be deemed filed with the EEOC. The regulation provides:

> When a charge is initially presented to a 706 Agency and the charging party requests that the charge be presented to the Commission, the charge will be deemed to be filed with the Commission upon expiration of 60 (or where appropriate 120) days after a written and signed statement of facts upon which the charge is based was sent to the 706 agency by registered mail or was otherwise received by the 706 Agency, or upon termination of 706 Agency proceedings, or upon waiver of the 706 Agency's right to exclusively process the charge, whichever is earliest. Such filing is timely if effected within 300 days from the date of the alleged violation.

Griffin "presented" her claim more than 180 days after Air Products fired her. Under the FCHR–EEOC worksharing agreement, the FCHR "waived" the right to exclusively process this claim. Therefore, under the regulation, Griffin's claim was "deemed to be filed" with the EEOC on the date of waiver—exactly 300 days after Air Products fired her.

Air Products argues that the FCHR's actual conduct is inconsistent with this waiver analysis because the FCHR processed Griffin's claim. Air Products ignores, however, the fact that both the regulation and the worksharing agreement specify FCHR waiver of *exclusive* processing. Although the FCHR processed Griffin's claim, the EEOC also possessed the right to proceed.

### 2. *Public Policy*

Our result comports with policies of ensuring investigatory efficiency and preserving a complainant's federal remedy in discrimination suits. *See* Reconsideration Order at 12 (citing *Commercial Office Products*, 486 U.S. at —– –—, 108 S.Ct. at 1671–75, 100 L.Ed.2d at 107–11). Air Products's position, on the other hand, could lead to a situation where deferral state claimants risk forfeiting federal remedies in cases filed after day 240. This result would occur if a state or local agency held a post-day 240 claim for sixty days without expressly referring charges to the EEOC. The Supreme Court disapproved of a similar possibility in *Commercial Office Products*. In *Commercial Office Products*, the CCRD referred a claim to the EEOC, but retained potential jurisdiction. The defendant/employer argued that, unless the CCRD completely abrogated jurisdiction, it could not "terminate" proceedings to effect an EEOC filing. The Court rejected this argument, stating:

> The most dramatic result of respondent's reading of the deferral provisions is the preclusion of any federal relief for an entire class of discrimination claims. All claims filed with the EEOC in worksharing States more than 240 but less than 300 days after the alleged discriminatory event ... will be rendered untimely because the 60–day deferral period will not expire within the 300–day filing limit. Respondent's interpretation thus requires the 60–day deferral period—which was passed on behalf of state and local agencies—to render untimely a claim filed within the federal 300–day limit despite the joint efforts of the EEOC and the state or local agency to avoid that result.... This severe consequence, in conjunction with the pointless delay described above, demonstrates that respondent's interpretation of the language of section 706(c) leads to 'absurd or futile results ... "plainly at variance with the policy of the legislation as a whole," ' which this Court need not and should not countenance.

*Commercial Office Products*, 486 U.S. at —– –—, 108 S.Ct. at 1674, 100 L.Ed.2d at 109–10 (quoting *United States v. American Trucking Associations*, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940) and *Ozawa v. United States*, 260 U.S. 178, 43 S.Ct. 65, 67 L.Ed. 199 (1922)). Air Products's position creates a similar problem. A state or local agency could defer away a claimant's federal rights when a claimant files after day 240. If Congress meant to create a 240–day time limit, it could have;

instead, Congress created a 300–day limit and we must enforce it. *See Commercial Office Products,* 486 U.S. at ——, 108 S.Ct. at 1672, 100 L.Ed.2d at 108 ("Congress clearly foresaw the possibility that states might decline to take advantage of the opportunity for enforcement afforded them by the deferral provisions. It therefore gave the EEOC the authority and responsibility to act when a State is 'unable or unwilling' to provide relief.").

### 3. *The Worksharing Agreement*

The FCHR–EEOC worksharing agreement provides:

> The Florida Commission hereby waives its right to exclusively process the following charges:
>
> . . . .
>
> (c) charges initially received by the EEOC or the Florida Commission more than 180 days after the date of the last alleged act of discrimination.

Air Products notes that the district court erroneously omitted the word "alleged" when it quoted the worksharing agreement. Air Products argues that this omission constituted an abuse of discretion because the district court ignored Griffin's allegation that Air Products engaged in continuing discrimination by failing to rehire her. Air Products argues that the above provision does not apply to Griffin's case because the last "alleged" act of discrimination continues and day 180 is never reached. For purposes of reviewing this summary judgment denial, we disagree. The district court, considering the evidence in a light most favorable to Griffin, clearly viewed the "last alleged act of discrimination" as Air Products's firing of Griffin. We do not find the district court's misquote material, nor do we find the district court's conclusion an abuse of discretion.

## VI. CONCLUSION

We hold that the district court did not abuse its discretion by denying Air Products's motion for summary judgment and by ruling that Griffin filed her EEOC claim within the 300–day limitations period pro-

vided by 42 U.S.C.A. § 2000e–5(e) (West 1981).

AFFIRMED.