**EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION,
Plaintiff–Appellant,**

v.

**TECHALLOY MARYLAND, INC.,
Defendant–Appellee.**

No. 89–2305.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 5, 1989.

Decided Jan. 31, 1990.

Donna Jean Brusoski (Charles A. Shanor, Gen. Counsel, Gwendolyn Young Reams, Associate Gen. Counsel, Vincent Blackwood, Asst. Gen. Counsel, E.E.O.C., on brief) for plaintiff-appellant.

Paul B. Lang (Niles, Barton & Wilmer, on brief), for defendant-appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

K.K. HALL, Circuit Judge:

The Equal Employment Opportunity Commission ("EEOC") appeals from the district court's order denying reconsideration of its previous decision granting summary judgment in favor of Techalloy Maryland, Inc. ("Techalloy"). EEOC brought a discrimination claim against Techalloy under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, which the district court rejected on the grounds that the discrimination charge had not been timely filed. Finding that the charge was timely filed, we reverse.

**I.**

On December 1, 1984, Joyce Lake filed with EEOC a sexual discrimination charge against her former employer, Techalloy. The charge was filed 281 days after the alleged act of discrimination occurred. On December 17, 1984, the 297th day, a copy of the charge was forwarded to the Maryland Commission on Human Relations ("MCHR"), accompanied by a transmittal form which indicated that, pursuant to a worksharing agreement between the agencies, EEOC would initially process the charge. MCHR received these documents on December 19, 299 days after the alleged discrimination, and on the 301st day, December 21, executed a form that indicated that MCHR agreed with EEOC's processing decision.

EEOC investigated the charge and filed this action against Techalloy in September 1986. Techalloy moved for summary judgment on the grounds that the charge was not timely filed under § 706(e) of Title VII, 42 U.S.C. § 2000e–5(e).[1] In a September 1987 order, the district court granted the motion on the basis of our initial decision in *Dixon v. Westinghouse Electric Corp.*, 787 F.2d 943, 946 (4th Cir.1986), where we held that EEOC's forwarding to MCHR of a charge accompanied by a transmittal form did not constitute "initially instituted" state proceedings such that the extended 300–day time limit of § 706(e) applied.

EEOC moved the district court for reconsideration of its decision on the grounds that *Dixon* should not be retroactively applied. While this motion was pending, the Supreme Court vacated *Dixon*,[2] in light of *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988). EEOC then promptly moved the district court to stay its reconsideration ruling pending our decision on remand in *Dixon*. This motion was granted.

On July 6, 1988, we held on remand from the Supreme Court that in view of *Commercial Office Products*, the charge in *Dixon* did institute state proceedings and, consequently, was timely filed. We remanded the case for further proceedings. *Dixon v. Westinghouse Electric Corp.*, 857 F.2d 945 (4th Cir.1988) (*Dixon II*). Shortly thereafter, the district court in this case denied EEOC's motion to reconsider. It held that *Commercial Office Products* and *Dixon II* notwithstanding, this charge was not eligible for the 300–day filing time limit because EEOC's referral of the charge was not in full compliance with the terms of the worksharing agreement and, consequently, it could not be said that MCHR proceedings

were ever initiated. It is from this order that EEOC appeals.

## II.

The only issue in this appeal involves EEOC's contention that pursuant to the worksharing agreement between EEOC and MCHR, Lake's discrimination charge was timely filed. To appreciate this argument, a brief review of Title VII and the worksharing agreement is necessary.

### A. *Title VII*

Generally speaking, a charge of employment discrimination must be filed with EEOC within 180 days of the alleged discrimination. If, however, a complainant initially institutes proceedings with a state or local agency, a charge can be filed up to 300 days after the discriminatory act. 42 U.S.C. § 2000e–5(e); *Commercial Office Products*, 108 S.Ct. at 1668–69. In the latter situation, the subsequent filing with EEOC cannot come earlier than 60 days after the commencement of the state or local proceedings unless those proceedings have been "earlier terminated." 42 U.S.C. § 2000e–5(c). The purpose of this deferral period is one of comity, *i.e.*, "to give States and localities an opportunity to combat discrimination free from premature federal intervention." *Commercial Office Products*, 108 S.Ct. at 1669.

The charge in this case was filed with EEOC 281 days after the discriminatory act; consequently, it can not be timely unless, before the 300th day, MCHR proceedings were both initiated and terminated. This is the crux of the issue before us.

### B. *Worksharing Agreement*

As it has done with a majority of the state and local agencies that combat dis-

---

**1.** The statute reads in pertinent part:
    (e) A charge under this section shall be filed [with EEOC] within one hundred and eighty days after the alleged unlawful employment practice occurred ..., except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute crimi-

nal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed [with EEOC] by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred....

**2.** 486 U.S. 1019, 108 S.Ct. 1990, 100 L.Ed.2d 222 (1988).

crimination, *Commercial Office Products*, 108 S.Ct. at 1669, EEOC has entered into a worksharing agreement with MCHR. The agreement is similar to ones that EEOC has entered into with state and local agencies throughout the country, and its purpose is "to minimize duplication of effort in the processing of charges and to achieve maximum consistency of purpose and results." To this end, and "to facilitate early resolution of charges," MCHR gave primary responsibility to EEOC to process all charges filed between 180 and 300 days of the alleged discrimination and waived "its exclusive rights to specific periods of initial processing which have been granted to [MCHR] by Title VII." [3] The agreement also established detailed procedures for referral of charges filed with one agency which also meet the jurisdictional requirements of the other agency. Specifically, charges, along with their supporting documentation, are to be forwarded, by hand-delivery or certified mail, within 48 hours of receipt. The receiving agency then has 10 days to concur in, or take exception to, the forwarding agency's processing determination.

With this background in place, EEOC's argument can be properly understood.

### C. *Analysis*

EEOC's position is that, pursuant to the worksharing agreement, state proceedings were instituted on the 281st day, when EEOC received the charge, or at the very latest, on the 299th day, when MCHR received the documents. It maintains that once instituted, MCHR's waiver of the exclusive processing rights and the 60–day deferral period automatically terminated these proceedings. Therefore, the charge was timely filed with EEOC no later than the 299th day. EEOC rests this argument on the premise that strict compliance with the agreement's referral provisions is not necessary to effectively institute or terminate MCHR proceedings.

As support for this argument, EEOC relies primarily on the language of the waiver, which is in no way conditioned upon the procedurally proper referral of each particular charge between the agencies. The waiver provision reads in full:

> In order to facilitate early resolution of charges, [MCHR] hereby waives its exclusive rights to specific periods of initial processing which have been granted to [MCHR] by Title VII for those charges assigned by this Agreement to EEOC for initial processing.

EEOC bolsters this interpretation of the contract with its own regulation:

> Where the document on its face constitutes a charge within a category of charges over which the [state] Agency has waived its rights to the period of exclusive processing referred to in paragraph (a)(3)(iii) of this section, the charge is deemed to be filed with the Commission upon receipt of the document. Such filing is timely if the charge is received [by EEOC] within 300 days from the date of the alleged violation.

29 C.F.R. § 1601.13(a)(4)(ii)(A).

We are persuaded by EEOC's argument, as well as the reasoning of the Ninth and Eleventh Circuits which both have recently addressed this issue, and hold that the waiver in the worksharing agreement is self-executing and, consequently, that this charge was timely filed.[4] *See Green v. Los Angeles Cty. Superintendent of Sch.*, 883 F.2d 1472 (9th Cir.1989); *Griffin v. Air Products and Chemicals, Inc.*, 883 F.2d 940 (11th Cir.1989).

In reaching this conclusion, we rely on several grounds. First, as the agency with primary responsibility for enforcement of Title VII, deference is due EEOC's reasonable interpretation of when state proceedings are commenced and terminated under

---

**3.** As the Supreme Court made clear in *Commercial Office Products*, when a state or local agency voluntarily agrees to waive its rights to have the first crack at remedying local discrimination, no harm is done to the principles of comity which underlie the 60–day deferral period. *Id.* at 1672–73.

**4.** Because the result is the same in either case, we decline to decide whether the charge should be considered as filed on the date EEOC received it or on the date it was received by MCHR.

§ 706(c), (e) of the Act. *Commercial Office Products*, 108 S.Ct. at 1671; *Griffin*, 883 F.2d at 943. Likewise, its view of how the work-sharing agreement should be construed in light of the requirements of Title VII should be respected. *Green*, 883 F.2d at 1479. We have no difficulty in concluding that EEOC's interpretation of the agreement and its effect under § 706 of Title VII is reasonable and accordingly should be upheld.

Second, this result is fully consistent with the remedial purposes of Title VII. To hold that the waiver is not self-executing, and that it must be perfected by the agencies' strict compliance with the referral provisions of the worksharing agreement, would be to exalt form over substance and preclude relief to a potentially meritorious claim simply because it was the victim of a bureaucratic mix-up. Further, the district court's interpretation is contrary to the very purposes of the agreement—to minimize red tape and to expeditiously process discrimination charges. *Griffin*, 883 F.2d at 944; *Green*, 883 F.2d at 1479.

Finally, our conclusion is a common sense interpretation of the worksharing agreement. Techalloy strenuously disagrees with this interpretation, maintaining that the detailed referral procedures in the agreement were intended by the agencies to be followed in the processing of every charge as a means of perfecting MCHR's waiver. It contends that to conclude otherwise would render the referral provisions pointless, in contravention of the maxim that a contract must be interpreted to avoid rendering any of its provisions meaningless. This argument is not well taken.

Our holding that the waiver is self-executing in no way undermines the validity of the referral provisions. They are still binding upon the agencies and they still must be followed. We are saying nothing more than MCHR's waiver is not contingent upon scrupulous compliance with the referral provisions' particulars. This conclusion is borne out by the fact that the referral and waiver provisions are contained in separate sections of the agreement and there is nothing in the agreement to indicate that one is in any way dependent upon the other. Furthermore, both EEOC and MCHR agree that this is the proper interpretation of the agreement.[5] To adopt Techalloy's position would thus contravene one of the most basic tenets of contract law, that a contract should be interpreted to effectuate the intent of the parties.

## II.

In sum, we hold that the waiver provision in the EEOC–MCHR worksharing agreement is self-executing. As such, MCHR proceedings were commenced and terminated no later than the date MCHR received the charge, 299 days after the alleged act of discrimination. Consequently, the discrimination charge was timely filed under the 300–day time limit of § 706(e) of Title VII. Accordingly, the judgment of the district court is reversed and this case is remanded for further proceedings.

REVERSED AND REMANDED.

---

**5.** MCHR participated as amicus curiae in this appeal.