**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TIMOTHY I. BENNETT,
Plaintiff-Appellant,

v.

No. 00-1037

ST. MARY'S COUNTY SHERIFF'S
DEPARTMENT,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Frederic N. Smalkin, District Judge.
(CA-99-1480-S)

Submitted: July 31, 2000

Decided: August 14, 2000

Before WIDENER, MOTZ, and TRAXLER, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Joe C. Ashworth, Leonardtown, Maryland, for Appellant. Daniel
Karp, Victoria M. Shearer, ALLEN, JOHNSON, ALEXANDER &
KARP, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Timothy I. Bennett appeals the district court's order granting Defendant's motion to dismiss his complaint of discrimination under the Americans with Disabilities Act for failure to state a claim under Fed. R. Civ. P. 12(b)(6). We vacate and remand to the district court for further proceedings.

We review Fed. R. Civ. P. 12(b)(6) dismissals de novo, accept as true factual allegations of the complaint, and view the complaint in the light most favorable to Bennett. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Bennett's complaint alleged he filed an administrative charge of discrimination with the Equal Employment Opportunity Commission 298 days after the alleged act of discrimination by Defendant. The record before us is silent as to whether, and if so, when, the EEOC transferred the complaint to the Maryland Commission on Human Relations ("MCHR"). The district court, citing EEOC v. Techalloy Maryland, Inc. , 894 F.2d 676 (4th Cir. 1990), found Bennett's complaint failed to state a claim upon which relief could be granted because his administrative charge of discrimination was not timely filed.

We disagree with the district court's reading of Techalloy Maryland. In Techalloy Maryland, an administrative charge of discrimination was filed with the EEOC 281 days after the alleged act of discrimination. The administrative charge was received by the MCHR on the 299th day following the alleged act of discrimination. Upon these facts, we found the complaint in Techalloy Maryland to be timely filed. Because receipt of the charge by both the EEOC and the MCHR occurred within 300 days of the alleged act of discrimination, "we decline[d] to decide whether the charge should be considered as filed on the date the EEOC received it or on the date it was received by MCHR." Id. at 678 n.4. Here, Bennett's complaint states that he filed his administrative charge with the EEOC within 300 days of the alleged act of discrimination. If further proceedings reveal that his administrative charge was also received by the MCHR within 300 days of the alleged act of discrimination, the facts in this case will be indistinguishable from those in Techalloy Maryland. Thus, it is not

2

clear as a matter of law that no relief can be granted under any set of facts that can be proved consistent with Bennett's allegations. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Further, even if Bennett's administrative charge was not received by the MCHR within 300 days of the alleged act of discrimination, it is not plain that the district court lacked jurisdiction to entertain his complaint. While Techalloy Maryland explicitly declined to decide whether filing of the administrative charge with the EEOC alone within 300 days would have been timely, thus leaving that question unresolved, at least one other district court in Maryland has applied Techalloy Maryland to find that "a charge is deemed timely if it is sent to the EEOC within 300 days after the alleged unlawful practice." Francis v. Board of Sch. Comm'rs, 32 F. Supp. 2d 316, 321 (D. Md. 1999).

Accordingly, while we express no opinion as to either the threshold question of whether Bennett's administrative charge was timely filed or the ultimate merits of his complaint of discrimination, we vacate the district court's order dismissing his complaint and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3