BETTY B. FLETCHER, Circuit Judge,
dissenting.
I respectfully dissent. Under the terms of the Worksharing Agreement (agreement) between the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR), Donald Maynard timely filed his discrimination complaint against his former employer, Pneumatic Products Corporation. At trial, Maynard made out his prima facie case. For these reasons, I would reverse the district court’s grant of *1265 judgment as a matter of law to Pneumatic Products and remand.

A. Timeliness

As the majority makes clear, whether Maynard timely filed his discrimination charge depends upon the terms of the Worksharing Agreement between the EEOC and the FCHR. The majority upholds the district court’s judgment as a matter of law to Pneumatic Products because neither party made the agreement part of the record. The agreement creates rules of law that prescribe the circumstances under which filing with one agency constitutes filing with the other. Thus, the fact that the agreement was not entered into the record is irrelevant; it is the district court’s duty to identify and interpret the sources of law necessary for deciding the case before it.
It is clear, however, that even if the agreement is an adjudicative fact rather than law, it is the sort of thing of which the district court could have taken judicial notice. See Fed.R.Evid. 201(b) (“A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.”). Although judicial notice is not mandatory unless it is requested by a party who supplies the court with the necessary information, a court’s failure to take judicial notice may constitute an abuse of discretion even when no party requests such notice. See id. 201(c), (d). In this case, whether Maynard’s charges were timely filed depends entirely on the language of the agreement, a document that is readily available either from the FCHR or from the Florida divisions of the EEOC. I would hold that, assuming that the agreement is an adjudicative fact, the district court’s failure to take judicial notice of the agreement was an abuse of discretion.
Turning to the merits of Maynard’s appeal, it is clear from the agreement that the EEOC’s receipt of a complainant’s charges automatically initiates proceedings of both the EEOC and the FCHR. Paragraph II.A. of the agreement states that each agency designates the other “as its agent for the purpose of receiving and drafting charges.” FCHR-EEOC Works-haring Agreement for Fiscal Year 1997 ¶ II A. (emphasis added). That paragraph also explicitly states that “EEOC’s receipt of charges on the FEPA’s[1] behalf will automatically initiate the proceedings of both EEOC and the FEPA.” Id. ¶ II.A. (emphasis added). The agreement also conclusively establishes that Maynard’s filing with the EEOC not only automatically initiated proceedings with the FCHR, but also instantaneously constructively terminated the FCHR proceedings. Paragraph III.A.I. of the agreement states that “[f]or charges originally received by the EEOC and/or to be initially processed by the EEOC, the FEPA waives its right of exclusive jurisdiction to initially process such charges for a period of 60 days for the purpose of allowing the EEOC to proceed immediately with the processing of such charges before the 61st day.” Id. ¶ III.A.I. This Court has held that virtually identical language in a previous Works-haring Agreement between the EEOC and the FCHR “created an instantaneous ‘constructive termination’ ” of FCHR proceedings. Griffin v. Air Prods. & Chems., Inc., 883 F.2d 940, 943 (11th Cir.1989).
Here, the EEOC received Maynard’s charges within the 300 day limit. FCHR proceedings were automatically initiated and terminated concurrent with Maynard’s filing. The EEOC properly considered *1266 Maynard’s filing timely; it accepted jurisdiction and issued a right-to-sue letter. I would reverse the district court’s conclusion that Maynard had failed to establish timely filing.

B. Prima Facie Case

In our prior opinion, we affirmed the district court’s judgment to Pneumatic Products on the ground that Maynard had failed to make out a prima facie case of discrimination in violation of the ADA. Maynard v. Pneumatic Prods. Corp., 233 F.3d 1344 (11th Cir.2000). In doing so, we erred.
In order to determine whether a person is disabled within the meaning of the ADA, we must decide three issues: (1) whether the person has a physical impairment, (2) whether the activities the person claims are substantially limited by the impairment are “major life activit[ies],” and (3) whether the impairment actually does substantially limit any major life activities. Bragdon v. Abbott, 524 U.S. 624, 631, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998).
In 1994, Maynard suffered a herniated disc in his back while at work. By March of 1996, as a result of the herniated disk, Maynard could not lift more than fourteen pounds, sleep well, sit in a chair for more than fifteen to twenty minutes at a time, stand for more than fifteen minutes at a time, bend at the waist, run up steps, or walk more than forty or fifty yards at a time. Previously, we held that Maynard failed to establish his prima facie case because he failed to present evidence of how far the average person in the population can walk. Maynard, 233 F.3d at 1347-48.. That conclusion was simply wrong. Although Maynard offered no proof of how far the average person in the general population can walk, his impairment is so obviously substantially limiting that he needed to present no comparator evidence as part of his prima facie case. The jury’s good common sense and life experiences gave them sufficient ability to determine that Maynard’s impairment “[sjignificantly restrict[s]... the condition, manner or duration under which [he] can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.” 29 C.F.R. § 1630.2(j)(l)(ii).
Maynard timely filed his charges with the EEOC and the FCHR. At trial, he made out his prima facie case of discrimination in violation of the ADA. Therefore, I would reverse the district court’s grant of judgment as a matter of law to Pneumatic Products and remand for retrial. Accordingly, I dissent.

. The FCHR refers to itself as "FEPA" in the agreement.