Gardner v. Blue Mountain          CV-94-599-M   07/27/95 P

UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE


Ann K. Gardner and Donald A. Gardner,
      Plaintiffs,

      v.                                    Civil No. 94-599-M

Blue Mountain Forest Association,
      Defendants.


                         O R D E R


      Plaintiffs, Ann and Donald Gardner, filed an eight count
complaint against their former employer, Blue Mountain Forest
Association ("Blue Mountain"), alleging, among other things,
violations of the Fair Labor Standards Act, 29 U.S.C. §201, et
seq., violations of the Equal Pay Act, 29 U.S.C. §206, and
wrongful termination.  Blue Mountain moves to dismiss Count VI
(wrongful termination) and moves for summary judgment with regard
to Count III (federal Equal Pay Act) and Count IV (state Equal
Pay Act).  It has also filed a Supplemental Motion to Dismiss
Count IV which, in essence, asks the court to declare that Ms.
Gardner may recover unpaid wages under New Hampshire's Equal Pay
Act, if any, only for the last seven months of her employment by
Blue Mountain.

## Standard of Review.

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  In ruling upon a party's motion for summary judgment, the court must, "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor."  Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).  The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  If the moving party carries its burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial, demonstrating "some factual disagreement sufficient to deflect brevis disposition." Mesnick v. General Electric Co., 950 F.2d 816, 822 (1st Cir. 1991), cert. denied, 504 U.S. 985 (1992).  See also Fed.R.Civ.P. 56(e).  This burden is discharged only if the cited disagreement relates to a genuine issue of material fact.  Wynne v. Tufts University School of Medicine, 976 F.2d 791, 794 (1st Cir. 1992), cert. denied, ___ U.S. ___, 123 L.Ed.2d 470, 113 S.Ct. 1845 (1993).  "In this context, `genuine' means that the evidence

about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party [and] `material' means that the fact is one that might affect the outcome of the suit under the governing law."  United States v. One Parcel of Real Property with Bldgs., 960 F.2d 200, 204 (1st Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) is one of more limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." Chasan v. Village District of Eastman, 572 F.Supp. 578, 579 (D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984) (citations omitted).

For the reasons set forth below, defendant's Motion to Dismiss Count VI and for Summary Judgment As To Counts III and IV

3

is denied.  Its Supplemental Motion to Dismiss Count IV is granted in part and denied in part.

## Discussion.

I.   Motions to Dismiss.

   A.   Count IV - New Hampshire Equal Pay Act.

   Blue Mountain argues that the one-year statute of limitations set forth in N.H. Rev. Stat. Ann. ("RSA") 275:41 limits Ms. Gardner's recovery (if any) to unpaid wages and/or damages incurred after November 30, 1993 (one year prior to plaintiff's filing of this action).  RSA 275:41 provides that:

> Any action to recover unpaid wages and liquidated damages based on violation of RSA 275:37, must be commenced within one year of the accrual thereof and not afterwards.

Although the New Hampshire Supreme Court has not yet interpreted the language of this statute, it is clear and unambiguous.  It requires a plaintiff filing an action under RSA 275:37 to do so within one year of the "accrual" of her cause of action.

   Like its federal counterpart, the New Hampshire Equal Pay Act is violated each time an employer presents disparate paychecks to employees for "equal work or work on the same

4

operations." See, e.g., Gandy v. Sullivan County, 24 F.3d 861, 864 (6th Cir. 1994) ("The Equal Pay Act is violated each time an employer presents an `unequal' paycheck to an employee for equal work."); Nealon v. Stone, 958 F.2d 584, 591 (4th Cir. 1992) ("each issuance of [plaintiff's] paycheck at a lower wage than her male counterpart received constituted a new discriminatory action for purposes of EPA limitations accrual)".  Accordingly, each time Blue Mountain presented Ms. Gardner with a paycheck in violation of New Hampshire's Equal Pay Act, a distinct and cognizable cause of action accrued.

In order to avoid the statute of limitations bar, Ms. Gardner was required to commence any suit based upon such a cause of action within one year.  She has done so and is entitled to recover unpaid wages and liquidated damages for any violations of the statute occurring within the one-year period prior to the filing of this action.  However, to the extent that Blue Mountain argues that she is barred from recovering unpaid wages and damages for violations of the statute which occurred prior to that one-year period (i.e., prior to November 30, 1993), it is correct.  To that extent, its Supplemental Motion to Dismiss Count IV is granted.  As a practical matter, however, this

5

holding may have little effect on Ms. Gardner.  If she is able to prove that Blue Mountain has violated the federal Equal Pay Act, which is essentially coextensive with the New Hampshire statute, she will benefit from the longer, federal statute of limitations.

B.    Count VI - Wrongful Termination.

Defendant claims that Count VI of plaintiffs' complaint fails, as a matter of law, to state a viable cause of action. Specifically, it argues that the Gardners' wrongful termination claim is made pursuant to RSA 354-A, which does not apply to non-profit organizations, such as Blue Mountain.  The Gardners concede that this statute does not apply to Blue Mountain, but assert that their wrongful termination claim is based upon state common law, not RSA 354-A.  Plaintiffs argue that they reference the statute in their complaint merely to establish that New Hampshire public policy prohibits sexual discrimination in the employment context.

For the purposes of ruling on defendant's motion to dismiss, the court finds that plaintiffs have stated a viable claim under New Hampshire common law for wrongful discharge.  As noted by the Court of Appeals for the First Circuit:

6

> An at will employee may assert a successful wrongful discharge claim under New Hampshire law by showing (1) that her discharge was "motivated by bad faith, malice, or retaliation," and (2) that she was discharged because she "performed an act that public policy would encourage, or refused to do that which public policy would condemn."
>
> [Plaintiff] was discharged because she did not submit to sexual discrimination in the workplace, clearly a retaliatory termination from employment. <u>Sexual discrimination in employment contravenes New Hampshire public policy.</u> <u>See</u> N.H. Rev. Stat. Ann. §354-A:8.

<u>Chamberlin v. 101 Realty, Inc.</u>, 915 F.2d 777, 786 (1st Cir. 1990) (citations omitted) (emphasis added); <u>see also</u> <u>Cloutier v. Great Atl. & Pac. Tea Co.</u>, 121 N.H. 915 (1981); <u>Monge v. Beebe Rubber Co.</u>, 114 N.H. 130 (1974). Here, plaintiffs have sufficiently alleged that Ms. Gardner's termination was motivated by bad faith, malice, or retaliation and was in response to her request that she be paid in line with male employees performing comparable work (i.e., that she be free from gender based discrimination). Accordingly, defendant's motion to dismiss count VI necessarily fails.

II. <u>Motions for Summary Judgment</u>.

7

With regard to Counts III and IV, Blue Mountain argues that it is entitled to summary judgment because Ms. Gardner has failed to specifically identify "a male employee [of Blue Mountain] who performs jobs requiring substantially equal skill, effort and responsibilities and performed under similar working conditions." Defendant's Memorandum in Support of Motion for Summary Judgment at 3. Relying on <u>Miranda v. B & B Cash Grocery Store, Inc.</u>, 975 F.2d 1518, 1526 (11th Cir. 1992), Blue Mountain argues that Ms. Gardner "must meet the fairly strict standard of proving that she performed substantially similar work for less pay." Defendant's Memorandum at 3. Because it claims that plaintiff has failed to meet this standard of proof, it argues that it is entitled to summary judgment with regard to her federal and state Equal Pay Act claims.

There is, of course, a substantial difference between plaintiff's burden of proof <u>at</u> <u>trial</u> and the burden she currently bears in attempting to defeat Blue Mountain's motion for summary judgment. Despite defendant's assertions to the contrary, plaintiff has adequately pled causes of action under both the federal and state Equal Pay Acts. Moreover, she has submitted an affidavit which states that she performed many of the same tasks

8

which were performed by male employees who were compensated at substantially higher rates. Whether these tasks constitute "equal work on jobs the performance of which requires equal skill, effort, and responsibility," 29 U.S.C. §206(d)(1), plainly constitutes a genuine issue of material fact. Dey v. Colt Constr. & Dev. Co., 28 F.3d 1446, 1462 (7th Cir. 1994); Iskander v. Rodeo Sanitary District, 1995 U.S. Dist. LEXIS 1620 at *18 (N.D.Cal. February 7, 1995); Schnellbaecher v. Baskin Clothing Co., 52 Fair Empl. Prac. Cas. (BNA) 751 (N.D. Ill. 1989). Accordingly, defendant is not entitled to summary judgment with regard to Count III or Count IV.

## Conclusion.

For the foregoing reasons, defendant's Motion to Dismiss Count VI and Motion for Summary Judgment as to Counts III and IV (document no. 5) is denied and its Supplemental Motion to Dismiss Count IV (document no. 8) is granted in part and denied in part.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

July 27, 1995

9

cc:   Eleanor H. MacLellan, Esq.
      Linda S. Johnson, Esq.