Wayne PRAY, Plaintiff,

v.

DEPARTMENT OF JUSTICE,
et al., Defendants.

Civ. A. No. 94–0072 (JR).

United States District Court,
District of Columbia.

Oct. 11, 1995.

Wayne Pray, White Deer, PA, Plaintiff pro se.

Serafina M. Esposito, Office of Information and Privacy, U.S. Department of Justice, Washington, DC, for Defendants.

## MEMORANDUM

ROBERTSON, District Judge.

This Freedom of Information Act case is before the Court on cross-motions for summary judgment. Plaintiff, an inmate in the custody of the Bureau of Prisons at Allenwood, Pennsylvania, appears *pro se*. He wrote to the FBI in 1990 requesting all records at FBI Headquarters in Washington, D.C., pertaining to himself. His request was acknowledged, but he was subsequently told that there would be a delay because of the large number of requests received by the FBI and the diminished resources available to respond to his request. In due course, plaintiff was advised of the existence of a file responsive to his request, and the FBI released 23 of 540 responsive pages. Plaintiff took an administrative appeal. Following the appeal, in 1994, the FBI released an additional 261 pages, after rereviewing the withheld documents in accordance with *U.S. Dept. of Justice v. Landano*, —— U.S. ——, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993). The FBI maintained its position in withholding certain information pursuant to Exemptions 2, 7(C), 7(D), 7(E) and 7(F) of the Freedom of Information Act, 5 U.S.C. § 552(b)(2), (7)(C), (7)(D), (7)(E) and (7)(F).

■ In responding to the FBI motion for summary judgment, and in his own motion for summary judgment, plaintiff complains that the government has not searched the files or responded with respect to the Drug Enforcement Administration and the Newark Field Office of the FBI. Plaintiff's complaint focuses particularly on the subject of electronic surveillance records maintained by the DEA.

For reasons set forth below, the motion of the government for summary judgment will be granted, and plaintiff's motion for summary judgment will be denied.

As a preliminary matter, this lawsuit is properly limited to records maintained at FBI Headquarters. That was the scope of plaintiff's FOIA request, the content of his complaint in this action, and the subject of his administrative appeal. The request for information from the Newark Field Office was made only in response to the govern-

ment's motion for summary judgment. It was never considered or responded to by the government, and it is not part of this lawsuit.

By the same token, plaintiff's late-filed attempt to include in this action his request for files of the Drug Enforcement Administration, including its electronic surveillance records, cannot succeed. It is undisputed that the Drug Enforcement Administration has never received a FOIA request from the plaintiff. Plaintiff has failed to exhaust administrative remedies as to the DEA. See *Oglesby v. United States Department of the Army*, 920 F.2d 57, 61–62 (D.C.Cir.1990).

The substance of the remaining dispute between the government and plaintiff concerns a series of exemptions whose use by criminal law enforcement agencies is well established and has been approved in many district court and court of appeals decisions.

█ Exemption 2 of the FOIA exempts disclosure of material "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). In this case, the information withheld under that exemption was permanent "source symbol numbers" of confidential sources of the FBI who report on a regular basis and the file numbers associated with those confidential sources. Release of the numbers would give some indication of the geographic area where a source was developed or operated, the date of the source's recruitment, and how many informants have been recruited for a particular case. According to the affidavit of Special Agent Moran, disclosure of the source symbols and file numbers would facilitate improper access to sensitive information and impede the effectiveness of law enforcement investigations. It was clearly proper for the FBI to invoke Exemption 2 for the stated purpose. *Crooker v. Bureau of Alcohol, Tobacco and Firearms*, 670 F.2d 1051, 1074 (D.C.Cir.1981) (*en banc*); *Lesar v. United States Department of Justice*, 636 F.2d 472, 485 (D.C.Cir.1980).

█ Exemption 7 of the FOIA covers "records or information compiled for law enforcement purposes," but "only to the extent" that production would cause the types of harm enumerated in subsections (A) through

(F). Here, the FBI has invoked four of those subsections, all of them properly.

- Exemption 7(C) relates to "unwarranted invasion of personal privacy." Here the FBI invoked it to protect names and/or identifying data relating to FBI and DEA special agents and support personnel, a non-federal law enforcement person, third parties who are of investigative interest to the FBI, third parties merely mentioned in FBI files, and third parties who provided information to the FBI. The use of Exemption 7(C) is amply substantiated by affidavit and by the case law. *U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 762, 109 S.Ct. 1468, 1476, 103 L.Ed.2d 774 (1989); *Davis v. United States Department of Justice*, 968 F.2d 1276, 1281 (D.C.Cir.1992). Here the possibilities, articulated by the FBI, of animosity or grudges toward special agents or prejudice to the effectiveness of individuals in the conduct of other cases to which they are assigned and the potential that individuals could be targeted for inquiries for unauthorized access to information or be subjected to unofficial inquiries not anticipated by their contact with the FBI, among other things, clearly outweigh any possible benefit that could accrue from the public access to information in these government files.

- Exemption 7(D) relates to the identity of confidential sources and/or information furnished by such sources. Here the FBI resorted to Exemption 7(D) as a sort of "belt and suspenders" approach to the protection of permanent source symbol numbers, which were also withheld under Exemption 2. The affidavit support proffered by the FBI amply establishes that the sources sought to be protected provided information under the express assurance of confidentiality or under circumstances where such an assurance can be implied, *U.S. Dept. of Justice v. Landano, supra*, —— U.S. at ——, 113 S.Ct. at 2019.

- Exemption 7(E) relates to techniques used in law enforcement investigations.

4

Here, in four specific instances identified by the FBI's affiant, the FBI resorted to Exemption 7(e) to withhold sections from an FBI form "accomplishment report," because of its belief that release of that information could assist a potential criminal in correlating the use of a particular investigative technique with its corresponding accomplishment in the investigation, enabling him to employ countermeasures to neutralize them. The use of the exception is approved.

- Exemption 7(F) relates to information whose release could reasonably be expected to endanger the life or physical safety of law enforcement personnel. Here again, an overlap is found between the use of this exemption and Exemption 2, among others. The investigations to which all of the information sought in this case apply are, first, an investigation of the possible kidnaping of the plaintiff himself, and, second, a broader investigation into organized crime and its involvement in the distribution of illegal narcotics. Plaintiff was convicted of criminal charges involving drug trafficking and organized crime, and, according to the FBI affiant, plaintiff and his criminal associates "have a documented history of and a known propensity for threats of violence, retaliation and actual violence against those who cooperated with law enforcement authorities." The FBI affiant also states that "it is known to the FBI that plaintiff and his criminal associates have in the past attempted to have murdered certain individuals who cooperate with law enforcement agencies." The FBI's invocation of Exemption 7(F) under those circumstances is not a close question.

There is no genuine issue of material fact, and the defendant is entitled to judgment as a matter of law. An appropriate order accompanies this memorandum.

### ORDER

For reasons stated in a memorandum issued today, summary judgment is entered on behalf of the defendants and against plaintiff. This 10th day of October 1995.