Brian E. SMITH, Plaintiff,

v.

BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, Defendant.

Civil Action No. 96–2261 (PLF).

United States District Court, District of Columbia.

Sept. 22, 1997.

Brian E. Smith, Ray Brook Federal Correctional Institution, Ray Brook, NY, for Plaintiff.

Cynthia Schnedar, U.S. Attorney's Office, Washington, DC, for Defendant.

## OPINION

PAUL L. FRIEDMAN, District Judge.

In response to plaintiff's Freedom of Information Act request, defendant produced 60 pages of documents, most with portions deleted. Thereafter, plaintiff brought this action *pro se* and defendant moved for summary judgment, arguing that it has fulfilled its statutory duty to disclose all documents responsive to plaintiff's request located after a reasonable search and that the deletions it

made were proper under one or more exemptions to the FOIA. Plaintiff filed an opposition to defendant's motion and a separate motion for an *in camera* inspection of withheld documents.

## I. BACKGROUND

In 1995, Brian Smith was indicted, along with a co-defendant, on two federal weapons charges. *See* Memorandum in Support of Plaintiff's Motion Opposing Defendant's Motion for Summary Judgment ("Plaintiff's Opp.") at 1. At the conclusion of a jury trial in April 1995, Smith was convicted and sentenced to 120 months' imprisonment. *Id.* According to plaintiff, the only witness to identify him, Mark Duggan, testified at trial that he provided information to a BATF agent without any compensation or plea agreement with regard to his own pending charges. *Id.* at 5. Since then, plaintiff has sought documents in order to challenge Duggan's testimony and other evidence against him by way of a post-trial motion to vacate his conviction.

By letter dated April 1, 1996, Smith requested documents from the BATF. *See* Amended Complaint ¶ 5 and Exhibit 1 (Plaintiff's FOIA Request Letter). His letter contained seventeen separate requests. The first request sought a specific document ("Report/interview conducted by B.A.T.F. Special Agent Timothy Wyse involving Mark Duggan"). Five requests sought all documents of a particular type made in connection with the investigation that resulted in his conviction (warrants, reports, transcripts of tape recordings, documents containing plaintiff's handwriting, and "[a]ny 302 Forms, 'inserts', write-ups, fieldnotes etc."). The remaining eleven requests sought information rather than records, primarily related to the agents involved in and witnesses interviewed during the investigation resulting in his conviction. *Id.* at Exhibit 1. In a response dated April 12, 1996, BATF produced 53 pages of documents with portions deleted pursuant to FOIA Exemptions 2 and 7. *Id.* ¶ 6 and Exhibit 2 (Response to Plaintiff's FOIA Request Letter). As for Mr. Smith's specific requests, BATF stated that "the individual named in item 1 [Agent Wyse], did not appear in our records." *Id.* at Exhibit 2. BATF's response also appeared to provide no documents at all with respect to certain numbered requests.

Plaintiff appealed this partial denial and the appeal was denied. In its letter of denial, BATF did not provide a request-by-request review of its response, but instead characterized plaintiff's request as "pertaining to the Federal investigation of you, including among other things, documents pertaining to search warrants, confidential informants, and names of and information pertaining to witnesses and agents and agencies involved in your case." Amended Complaint ¶ 8 and Exhibit 4 (Denial of Plaintiff's Appeal).

After plaintiff instituted this lawsuit, Robert L. Pritchett, Chief of BATF's Disclosure Branch, reviewed the 53 documents previously disclosed and located an additional seven pages that he forwarded to plaintiff with portions deleted. *See* Declaration of Robert L. Pritchett ("Pritchett Decl.") ¶ 9 (April 7, 1997) and Exhibit 4. Mr. Pritchett also prepared an index of each document produced containing a description of the document, the information withheld from the document and the exemption that provides the basis for the withholding. *Id.* at Exhibit 5. Plaintiff does not dispute the accuracy of the index, but challenges the adequacy of defendant's search for records responsive to his request and defendant's bases for deleting portions of the documents produced. Plaintiff has requested the Court to conduct an inspection of documents *in camera*.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the non-movant, that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *see Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing

that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). All reasonable inferences that may be drawn from the facts must be drawn in favor of the non-moving party. *Id.* at 255, 106 S.Ct. at 2513–14.

■ In a FOIA case, the Court may award summary judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981).

## III. DISCUSSION

### A. Exemption 7(C)

Deleted from the majority of documents disclosed by BATF were the names of BATF agents, other state and federal law enforcement officers and third parties, on the grounds that disclosure of their names "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). According to Mr. Pritchett, the names of law enforcement officers were deleted because "disclosure might seriously prejudice their effectiveness in the conduct of other investigations to which they are assigned" and may "increase the potential of physical harm to their persons." Pritchett Decl. ¶ 14.

Deletion of the names of federal, state and local law enforcement personnel under similar circumstances is routinely upheld. *See Lesar v. United States Dep't of Justice*, 636 F.2d 472, 487 (D.C.Cir.1980) (finding legitimate interest in preserving the identifies of government officials where disclosure could subject them to annoyance or harassment in either their official or private lives); *Pray v. Department of Justice*, 902 F.Supp. 1, 3 (D.D.C.1995), *aff'd in relevant part*, 1996 WL 734142 (D.C.Cir.1996) (finding possibility of

animosity toward FBI agents outweighed any possible benefit from disclosure).

■ Names and identifying information of private individuals were withheld to avoid revealing their connection with the criminal investigation of plaintiff and to protect them from "unnecessary public attention, embarrassment, harassment, or criticism." Pritchett Decl. ¶ 17. Exemption 7(C) recognizes that the stigma of being associated with any law enforcement investigation affords broad privacy rights to those who are connected in any way with such an investigation unless a significant public interest exists for disclosure. *United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 773–75, 109 S.Ct. 1468, 1481–83, 103 L.Ed.2d 774 (1989); *SafeCard Services Inc. v. Securities and Exchange Comm'n*, 926 F.2d 1197, 1205–06 (D.C.Cir.1991). The disclosure of the names of private individuals mentioned in law enforcement files would serve a significant public interest only where "there is compelling evidence that the agency denying the FOIA request is engaged in illegal activity" and that the information sought "is necessary in order to confirm or refute that evidence." *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1282 (D.C.Cir.1992) (quoting *SafeCard Services*, 926 F.2d at 1205–06).

■ Plaintiff argues that the public interest outweighs the concern for personal privacy here because he is seeking exculpatory statements that should have been produced by the prosecution at his criminal trial under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). That fact, however, does not give plaintiff any greater rights under the FOIA than any other person would have. The merits of an agency's FOIA determinations do not rest on the identity of the requester or the purpose for which the information is intended to be used. *United States Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. at 770–71, 109 S.Ct. at 1480–81. Rather, records, if not properly exempt, must be made available to "any person." 5 U.S.C. § 552(a)(3). Moreover, even if the purpose for the request were considered, requests for *Brady* material are "outside the proper role

of FOIA." *Johnson v. United States Dep't of Justice,* 758 F.Supp. 2, 5 (D.D.C.1991). As Judge Gesell pointed out in *Johnson:*

> [The FBI] has neither the competence nor the authority to make *Brady*-type judgments. The FBI is not required to determine whether or not a paper sought by a FOIA requester is or is not a paper that presently constitutes or retroactively would have constituted *Brady* material in one or more state or federal prosecutions. Nor is the FBI required by FOIA to forego a statutory exemption for a document in its possession because the document has been identified as possibly exculpatory. Judicial process is available, both pre-trial and post-trial, for these purposes.

*Id. See also Canning v. United States Dep't of Justice,* 919 F.Supp. 451, 457 (D.D.C.1994) (Greene, J.) (collecting cases within the D.C. Circuit, all of which hold that correction of alleged *Brady* violation was not a "public interest" served by the FOIA).

Plaintiff alleges that a federal prosecutor violated his constitutional rights to exculpatory evidence under *Brady v. Maryland* when he failed to provide documents and information related to BATF's alleged payments to one of the prosecution's key witnesses that could have been used to impeach the witness' credibility. He also alleges that BATF Agent Timothy Wyse perjured himself on the witness stand at plaintiff's trial.[1] While these are serious allegations, they are better addressed by the United States District Court for the District of Massachusetts, where plaintiff was convicted, on a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.

■ Plaintiff also argues that the information deleted from the disclosed records is within the public domain. In support of this argument, he refers the Court to the transcripts of the testimony of several prosecution witnesses at trial, a declaration from defense counsel in another case in which Mark Duggan testified and a newspaper article about plaintiff's conviction. The fact that plaintiff can guess whose names have been deleted from the released documents, however, does not act as a waiver to disclosure or "undermine[ ] the privacy interest of these individuals in avoiding harassment and annoyance...." *Weisberg v. United States Dep't of Justice,* 745 F.2d 1476, 1491 (D.C.Cir.1984). Plaintiff has the burden of "pointing to specific information in the public domain that appears to *duplicate* that being withheld." *Davis v. United States Dep't of Justice,* 968 F.2d at 1279 (quoting *Afshar v. Department of State,* 702 F.2d 1125, 1130 (D.C.Cir.1983) (emphasis added)). Because plaintiff does not allege that the information withheld is identical to information available in the public domain, defendant's withholding of the identities of individuals was proper.

### B. *Exemption 7(D)*

■■ Defendant deleted from four documents the names of confidential informants and confidential information pertaining to informants on the basis that disclosure "could reasonably be expected to disclose the identity of a confidential source" or "information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D); *see* Pritchett Decl. ¶ 19. To invoke Exemption 7(D), an agency must show either that a source provided the information to the agency "under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." *Engelking v. Drug Enforcement Administration,* 119 F.3d 980 (D.C.Cir.1997) (quoting *United States Dep't of Justice v. Landano,* 508 U.S. 165, 174, 113 S.Ct. 2014, 2020–21, 124 L.Ed.2d 84 (1993)). The BATF meets this test by stating that the individuals whose names were withheld from disclosure "provided ATF with information about possible violations of the Federal fire-

---

1. The only evidence of perjury is plaintiff's claim that Agent Wyse lied when he testified that he did not know when plaintiff's trial was to begin. In contrast, the report plaintiff believes to have been authored by Agent Wyse states that the trial was scheduled to begin on April 10. The Court does not read the trial testimony of Agent Wyse to be inconsistent with what plaintiff claims is contained in the report. *See* Plaintiff's Opp.; Exhibit 5, Vol. 4 at 173:26; *id.* at 175:10. In any event, whether Agent Wyse testified accurately regarding when he learned of the date of trial, while perhaps marginally relevant to credibility, could not have been a material factor in plaintiff's conviction.

arms and narcotics laws on the specific condition that their identity remain confidential." Pritchett Decl. ¶ 19.

■ Plaintiff states that he does not seek records concerning confidential informants, but only records pertaining to known informants who testified as witnesses against him at his public trial. In particular, plaintiff argues that if the identification that is being withheld is Ms. Ortiz, one of the witnesses at his trial, any understanding that her identity would remain confidential was waived by her trial testimony that she met with two Drug Enforcement Agents. This waiver argument, like plaintiffs last, also fails. The mere fact that a confidential informant has testified at trial does not waive Exemption 7(D) protection for the identity of the confidential source or information furnished by that source. *Parker v. Department of Justice,* 934 F.2d 375, 379–80 (D.C.Cir.1991) (citing *Irons v. Federal Bureau of Investigation,* 880 F.2d 1446 (1st Cir.1989)). The disclosure at trial that Ms. Ortiz spoke with DEA agents is insufficient under the FOIA to require the BATF to disclose all references to Ms. Ortiz, if any, contained in the disclosed documents. Defendant's deletions of information on the basis of Exemption 7(D) was proper.

### C. *Exemption 7(E)*

Defendant deleted portions of two documents on the basis that disclosure "would disclose techniques and procedures for law enforcement investigations or prosecutions" that "could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E); *see* Pritchett Decl. ¶ 20. Specifically, defendant deleted "details regarding various undercover techniques" that "are not already known to the general public." Pritchett Decl. ¶ 20. Defendant further describes the deletions as "law enforcement techniques and procedures involving undercover meetings and negotiations." Pritchett Decl., Exhibit 5 at 2. Plaintiff argues that defendant's position with respect to these deletions is inconsistent and confusing. He surmises that the law enforcement techniques at issue include "rewarding convicted felons for their testimony." Plaintiffs at Opp. 9.

Exemption 7(E) provides categorical protection to information related to law enforcement techniques. *Fisher v. United States Dep't of Justice,* 772 F.Supp. 7, 12 n. 9 (D.D.C.1991), *aff'd,* 968 F.2d 92 (D.C.Cir. 1992). In some cases, it is not possible to describe secret law enforcement techniques, even in general terms, without disclosing the very information to be withheld. *See, e.g., National Security Archive v. Federal Bureau of Investigation,* 759 F.Supp. 872, 885 (D.D.C.1991). Still, that does not excuse the agency from providing the Court with information sufficient for it to decide whether the material is properly withheld under Exemption 7(E). *Id.; see also Founding Church of Scientology v. National Security Agency,* 610 F.2d 824, 831–32 & n. 67 (D.C.Cir.1979) (requiring affidavit to be sufficiently detailed to enable a determination on whether exemption was properly applied).

BATF's descriptions of its deletions pursuant to Exemption 7(E) are too conclusory for this Court to determine whether the exemption was properly invoked. Defendant must provide greater detail as to why the release of the information deleted from the two documents at issue would compromise law enforcement by revealing information about investigatory techniques that are not widely known to the general public. If the necessary detail would disclose the very information it seeks to withhold, defendant may provide this detail to the Court in an *in camera* declaration and may submit the documents themselves for an *in camera* review. *Founding Church of Scientology v. National Security Agency,* 610 F.2d at 831–32 & n. 67 (citing *Albuquerque Pub. Co. v. United States Dep't of Justice,* 726 F.Supp. 851, 857 (D.D.C.1989)).

### D. *Exemption 7(F)*

Defendant invoked Exemption 7(F) with respect to only two documents where disclosure "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). It did so in order to "protect the names and identities of Federal and local law enforcement officials whose names are mentioned in the 53 docu-

ments that were released to the Plaintiff and pertain to the criminal investigations against him," stating that "[r]eleasing the identity of these individuals would reasonably be expected to endanger their physical safety." Pritchett Decl. ¶ 21. This assertion is conclusory and not supported with sufficient detail for the Court to determine whether Exemption 7(F) was properly invoked. The lack of specificity in the Pritchett declaration is of no consequence, however, because the Court has concluded that the defendant has properly invoked Exemption 7(C) with respect to the same two documents as to which the defendant has invoked Exemption 7(D).

### E. Adequacy of Search for Records

■ Plaintiff argues that defendant's search of its files was not adequate because defendant did not uncover documents created by the Drug Enforcement Administration even though documents released to plaintiff by defendant indicate that plaintiff was a long-time target of the Drug Enforcement Administration. The FOIA requires an agency to conduct only a reasonable search for requested records using "methods reasonably expected to produce the information requested." *Oglesby v. United States Dep't of the Army,* 920 F.2d 57, 68 (D.C.Cir.1990). "Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." *SafeCard Services, Inc. v. Securities and Exchange Comm'n,* 926 F.2d 1197, 1201 (D.C.Cir.1991). *See also Kowalczyk v. Department of Justice,* 73 F.3d 386, 389 (D.C.Cir.1996) (agency "not obliged to look beyond the four corners of the request for leads to the location of responsive documents").

■ The agency must establish through affidavits or declarations the adequacy of both its search methods (where and how it looked for responsive records) and the scope of its search (what it was looking for). "[I]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA." *Perry v. Block,* 684 F.2d 121, 127

(D.C.Cir.1982); *cf. Steinberg v. United States Dep't of Justice,* 23 F.3d 548, 552 (D.C.Cir.1994) (description of search inadequate where it fails "to describe in any detail what records were searched, by whom, and through what process"). The affidavit need not "set forth with meticulous documentation the details of an epic search for the requested records," *Perry v. Block,* 684 F.2d at 127, but must show "that the search method was reasonably calculated to uncover all relevant documents." *Weisberg v. United States Dep't of Justice,* 745 F.2d at 1485.

Here, defendant's supporting affidavit adequately describes a reasonable search method. In response to plaintiff's request, defendant

> searched its primary law enforcement computer records system which indexes all law enforcement records in ATF, including those records located in regional ATF offices. Pursuant to that search, ATF located 53 documents responsive to Plaintiff's FOIA request.

Pritchett Decl. ¶ 7. In addition, one of defendant's special agents assigned to plaintiff's criminal case searched his criminal file. Pritchett Decl. ¶ 8. The 60 documents ultimately produced were all contained in plaintiff's criminal file.

■ In contrast to defendant's description of the places it searched, it is unclear precisely what defendant looked for during this search. The portion of the affidavit that is intended to support the adequacy of the agency's search and describe its scope states only that defendant looked for records "responsive to the Plaintiff's FOIA request." *See* Pritchett Decl. ¶ 10. This is precisely the type of description that the Court of Appeals has described as "conclusory and unilluminating" and therefore unacceptable. *Steinberg v. United States Dep't of Justice,* 23 F.3d at 552. In order to demonstrate adequacy of its search, defendant must describe the manner in which it "searched its primary law enforcement computer records system," such as by identifying the query or queries used in conducting its search for responsive records. *See The Nation Magazine v. United States Customs Service,* 71 F.3d 885, 890 (D.C.Cir.1995) (affidavits re-

garding the adequacy of the agency's search must set forth the terms searched) (quoting *Oglesby v. United States Dep't of the Army,* 920 F.2d at 68 (D.C.Cir.1990)).

### F. Plaintiff's Motion for Inspection of Documents

 On June 19, 1997, plaintiff filed a motion requesting the court to review all the withheld documents *in camera.* The Court finds that an *in camera* inspection is unwarranted in this case except possibly with respect to two documents. *See supra* at 501. As discussed above, the Court finds defendant's description in its declaration inadequate only with respect to the deletions made on two documents. The Court believes that judicial economy is best served by allowing defendant an opportunity to correct the deficiencies in its declaration. *See Quinon v. Federal Bureau of Investigation,* 86 F.3d 1222, 1227–28 (D.C.Cir.1996) (setting forth considerations supporting *in camera* inspection). In connection with its supplemental declaration, the defendant may submit the two documents at issue for *in camera* inspection.

### IV. CONCLUSION

Defendant's motion for summary judgment is granted with respect to its deletions of portions of documents pursuant to Exemptions 2, 7(C), 7(D) and 7(F). Defendant's declaration is insufficient to support summary judgment as to the withholding of portions of documents 45 and 46 pursuant to Exemption 7(E). It is also insufficient to establish that its search for responsive documents was adequate. Defendant may file a supplemental or more detailed declaration, filed *in camera* if necessary, along with documents 45 and 46, or it may make additional disclosures.

An Order consistent with this Opinion is entered this same day.

SO ORDERED.

### ORDER

This case is before the Court on defendant's motion for summary judgment and plaintiff's motion for *in camera* review of withheld documents. For the reasons stated in the Memorandum Opinion issued this day, it is hereby,

ORDERED that defendant's motion for summary judgment [27] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that defendant shall file a supplemental declaration that adequately describes the law enforcement techniques deleted from Document Nos. 45–46 and that adequately describes the search it conducted for documents responsive to plaintiff's requests on or before October 20, 1997. To the extent necessary, the declaration may be filed *in camera;* and it is

FURTHER ORDERED that plaintiff's motion for *in camera* inspection of documents [31] is DENIED.

SO ORDERED.