**NOT RECOMMENDED FOR PUBLICATION**
File Name: 12a1019n.06

**No. 10-2528**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Sep 18, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JONATHAN BELL, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| PREFIX, INCORPORATED, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

Before:  SILER and MOORE, Circuit Judges; VAN TATENHOVE, District Judge.[*]

**SILER**, Circuit Judge.  Following a favorable jury verdict in his Family and Medical Leave Act (FMLA) case against Prefix, Incorporated, Jonathan Bell appeals the district court's use of the statutory language of 28 U.S.C. § 1961 to calculate prejudgment interest under 29 U.S.C. § 2617(a)(1)(A).  For the following reasons, we **AFFIRM** the district court's judgment.

**I.**

On November 18, 2009, the jury returned a verdict in favor of Bell, finding that Prefix violated the FMLA and awarding him $14,563.00 in damages. When the parties could not agree on a proposed judgment, the court entered one of its own drafting, including "judgment of $29,126.00, plus double the amount of prejudgment interest awarded, is entered in favor of Plaintiff" and "The

---

[*] The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Court awards Plaintiff prejudgment interest on the verdict at an interest rate to be calculated pursuant to 28 U.S.C. § 1961[.]"

Before entry of a final judgment, Bell moved under Federal Rule of Civil Procedure 59(e) to alter or amend the still-pending judgment. The motion argued for prejudgment interest to be calculated under 29 U.S.C. § 2617(a)(1)(A)(ii) at the "prevailing rate" and contended that rate should equate to the "then-existing prime rate." Prefix asserted that, if the court awarded prejudgment interest, that interest should be calculated at the money judgment interest rate under Michigan Compiled Laws § 6000.6013(6), rather than the federal prime reserve rate.

The court granted Bell's motion for prejudgment interest for the period between August 8, 2005, and November 25, 2009, but determined the appropriate measure of that interest to be based on the statutory language of 28 U.S.C. § 1961. That same day, the court entered its final judgment.

The parties disagreed about the proper calculation, and Bell filed a motion styled "Plaintiff's Motion to Enter Judgment with the Amount of Prejudgment Interest Calculated in Accordance with this Court's Opinion and Order . . . and Judgment . . . ." According to Bell, the amount of prejudgment interest should be $4,148.88, resulting in a total figure due of $37,423.76. In response, Prefix explained that it calculated the amount of prejudgment interest as $182.43 by relying on the rate specified by the federal reserve for the calendar week ending November 20, 2009. The court denied Bell's motion, finding Prefix's calculation to be correct.

## II.

We review a district court's award of prejudgment interest for abuse of discretion. *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 333 (6th Cir. 2007). A district court

may award prejudgment interest "at its discretion in accordance with general equitable principles." *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 616 (6th Cir. 1998). In FMLA cases, liability must include prejudgment interest "calculated at the prevailing rate." 29 U.S.C. § 2617(a)(1)(A)(ii). The statute does not define "the prevailing rate," *see id.*, and trial courts have exercised their discretion to find different methodologies of calculation appropriate in different contexts. *See, e.g.*, *Finnerty v. Wireless Retail, Inc.*, No. 2:04-CV-40247, 2009 WL 2568555, at *3 (E.D. Mich. Aug. 18, 2009) (slip copy) (state statutory rate); *Mary-Jo Hyldahl v. AT&T*, No. 07-14948-BC, 2009 WL 2567197, at *5 (E.D. Mich. Aug. 17, 2009) (slip copy) (section 1961(a) rate); *Verhoff v. Time Warner Cable, Inc.*, No. 3:05-CV-7277, 2007 WL 2815216, at *1-2 (N.D. Ohio Sept. 26, 2007) (unreported) (state statutory rate); *Killian v. Yoruzo Automotive Tenn., Inc.*, No. 4:02-CV-039, 2006 WL 3694488, at *5 (E.D. Tenn. Nov. 6, 2006) (unreported) (section 1961(a) rate); *Hite v. Vermeer Mfg. Co.*, 361 F. Supp. 2d 935, 949 (S.D. Iowa 2005) (state statutory rate); *Rice v. Sunrise Express, Inc.*, 237 F. Supp. 2d 962, 970-71 (N.D. Ind. 2002) (prime rate).

Bell has provided no persuasive legal reasoning for finding that the district court abused its discretion by selecting the section 1961 statutory rate. Bell relies heavily on out-of-circuit precedents from non-FMLA cases, and these have little impact. *See First Nat'l Bank of Chicago v. Standard Bank & Trust*, 172 F.3d 472, 480 (7th Cir. 1999) (Expedited Funds Availability Act case); *McKelvy v. Metal Container Corp.*, 854 F.2d 448, 453 (11th Cir. 1988) (Age Discrimination in Employment Act case); *EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507, 1512 (11th Cir. 1987) (Title VII discrimination case). Although the Seventh Circuit, in *First National Bank of Chicago*, did not apply section 1961 to calculate prejudgment interest, it recognized the ability of district courts to engage

in the setting of interest rates. *First Nat'l Bank of Chicago*, 172 F.3d at 480. Further, the district court in the instant case did not decide on a specific interest rate because the case was "close," the determining factor in *First National Bank of Chicago*. *See id.*

Likewise, Bell neglects to explain why, as a factual matter, the prejudgment interest calculation constituted an abuse of discretion. He offers only brief and generalized comments about the burdens he bore during the time period and why a greater award of prejudgment interest would make him whole.

Bell also argues that the district court abused its discretion by not appending the prime rate into the later application of section 1961 to calculate prejudgment interest. However, none of the out-of-circuit cases cited by Bell involved FMLA damages or appending the prime rate somehow into a section 1961 calculation of prejudgment interest. The Seventh Circuit's decision even specifically allows that district courts may engage in "refined rate-setting" when appropriate. *First Nat'l Bank of Chicago*, 172 F.3d at 480. The court acted well within its discretion by considering all arguments advanced by Bell carefully, studying the authority provided by him with his motion, and determining that no authority tendered supports importing the prime rate into the section 1961 calculation.

**AFFIRMED**.